UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIEL S. MURRAY,

                              Plaintiff,

    v.                                              9:25-CV-0852 (BKS/DJS)

GLOBAL TELL LINK,

                              Defendant.
_____

APPEARANCES:

DANIEL S. MURRAY
Plaintiff, pro se
586
Washington County Jail
399 Broadway
Fort Edward, NY 12828


BRENDA K. SANNES
Chief United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      Plaintiff Daniel S. Murray commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Decision and Order entered on July 28, 2025, the Court granted plaintiff's IFP Application, reviewed the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), and dismissed plaintiff's Section 1983 claims without prejudice for failure to state a

claim upon which relief may be granted. Dkt. No. 4 ("July 2025 Order"). In light of plaintiff's pro se status, he was afforded an opportunity to submit an amended complaint. *Id*. at 9-11.

Presently before the Court is plaintiff's amended complaint. Dkt. No. 7 ("Am. Compl.").

## II.    SUFFICIENCY OF THE AMENDED COMPLAINT

### A.    The Complaint and July 2025 Order

In his complaint, plaintiff asserted claims against Global Tell Link ("GTL"), the phone service provider at Warren County Correctional Facility, based on allegations that this entity charged him, his family members, and other incarcerated individuals "excessive amounts for phone calls" and refused to reimburse them for dropped calls. *See* Compl. at 4-5.

The complaint was construed to assert First and Fourteenth Amendment claims against GTL. *See* July 2025 Order at 5.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court explained that plaintiff could not litigate this matter as a class action and dismissed his Section 1983 claims without prejudice on the grounds that the pleading failed to adequately allege that GTL was a state actor for purposes of plaintiff's Section 1983 claims. *See* July 2025 Order at 5-9.

### B.    Review of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the July 2025 Order and it will not be restated in this Decision and Order. *See* July 2025 Order at 2-4.

The amended complaint is materially similar to the original complaint except that the pleading (1) includes more details regarding how the cost of phone calls and dropped calls impacted plaintiff on a personal level, (2) alleges that these issues also exist at his new facility, and (3) alleges that an attorney previously informed him and his family members that a class action lawsuit could be pursued against GTL.  *See generally*, Am. Compl.

The Court liberally construes the allegations in the amended complaint to reassert First and Fourteenth Amendment claims against GTL.

Plaintiff seeks money damages and injunctive relief.  Am. Compl. at 3.  For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

**C.     Analysis**

As noted, the amended complaint is materially similar to the original complaint.  Insofar as the pleading once again purports to bring this matter as a class action lawsuit, the request is denied for the reasons set forth in the July 2025 Order.  *See* July 2025 Order at 5-6.

Moreover, as with the original complaint, the amended complaint is devoid of allegations which plausibly suggest that GTL worked jointly with a government entity or official to deprive plaintiff (or any other inmate) of a constitutional right.  Instead, plaintiff once again bases his Section 1983 claims entirely on allegations that this entity provides inadequate and overly expensive telephone (and wireless) services, without considering the resulting harm to inmate relationships.

While the Court is sympathetic to plaintiff's situation, it also has no basis to plausibly infer that GTL was a state actor at the time of the events giving rise to plaintiff's claims.  *See* July 2025 Order at 8-9 (collecting cases explaining that companies that merely provide telephone services to inmates are not "state actors" within the meaning of Section 1983).

Accordingly, and for the reasons set forth in the July 2025 Order, plaintiff's Section 1983 claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED** with prejudice.  The Clerk is directed to terminate the defendant and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated:  December 1, 2025
        Syracuse, NY

*Brenda K. Sannes* (signature)
Brenda K. Sannes
Chief U.S. District Judge